UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT JOHNSON,<br><br>Plaintiff,<br><br>v.<br><br>WESLEY SWANSON, SHELLY SWANSON, and JAMES HUTCHINGS,<br><br>Defendants. | No. 2:15-cv-00215-TLN-DB<br><br>**ORDER** |

This matter is before the Court pursuant to Plaintiff Scott Johnson's ("Plaintiff") Motion for Attorney's Fees. (ECF No. 23.) Defendants Wesley Swanson, Shelly Swanson, and James Hutchinson (collectively "Defendants") oppose the motion. (ECF No. 27.) Having reviewed the arguments raised by both parties and for the reasons set forth below, the Court hereby GRANTS in part Plaintiff's Motion for Attorney's Fees (ECF No. 23).

**I.     FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff is a quadriplegic and brought this action based on barriers he encountered at Gordon Toy Company in Stockton, California. Plaintiff brought this action against Defendants on January 27, 2015, for violations of the American's with Disabilities Act ("ADA"), the California Unruh Civil Rights Act, the California Disabled Persons Act, and for Negligence. (*See* Compl., ECF No. 1.) On February 11, 2015, within 30 days of being served, Defendants offered

to fully comply and remove all barriers and pay $5,000 in full settlement. (ECF No. 27 at 1.) Plaintiff declined and requested full compliance and $20,000 based on multiple visits. (ECF No. 27 at 2.) On March 3, 2015, Defendants notified Plaintiff that the barriers Plaintiff encountered were removed and repaired. (ECF No. 27 at 2.) Plaintiff offered to settle for $2,000 and an agreement to submit fees and costs. Ultimately, the parties settled on those terms. Plaintiff now moves for attorney's fees and costs. (ECF No. 23.)

## II. STANDARD OF LAW

Under the ADA and the Unruh Act, a prevailing party may recover reasonable attorney's fees and costs. *See* 42 U.S.C. § 12205; Cal. Civ. Code § 52(a). "[A] plaintiff 'prevails' when actual relief on the merits of his claim materially alters the legal relationship between the parties by modifying the defendant's behavior in a way that directly benefits the plaintiff." *Fischer v. SJB-P.D. Inc.*, 214 F.3d 1115, 1118 (9th Cir. 2000) (quoting *Farrar v. Hobby*, 506 U.S. 103, 111–12 (1992)). To determine a reasonable attorney's fee, the court calculates "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). The district court may reduce the total hours included in the lodestar calculation "where documentation of the hours is inadequate . . . if the case was overstaffed and hours are duplicated . . . [or] if the hours expended are deemed excessive or otherwise unnecessary." *Chalmers v. City of Los Angeles*, 796 F.2d 1205, 1210–11 (9th Cir. 1986), *reh'g denied, amended on other grounds*, 808 F.2d 1373 (9th Cir. 1987).

"When determining a reasonable hourly rate, the relevant community is the forum in which the district court sits." *Gonzalez v. City of Maywood*, 729 F.3d 1196, 1205 (9th Cir. 2013). The fee applicant has the burden of producing "satisfactory evidence" that the requested rates are in line with those prevailing in the relevant community for similar legal services of reasonably comparable skill and reputation. *Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984); *Gonzalez*, 729 F.3d at 1205. Satisfactory evidence of the prevailing market rates for similar legal services may include affidavits of plaintiff's counsel, affidavits of other attorneys regarding prevailing market rates in the relevant community, and rate determinations in other cases, particularly those setting a rate for the plaintiff's counsel. *United Steelworkers of Am. v. Phelps Dodge Corp.*, 896 F.2d

403, 407 (9th Cir. 1990).

The fee calculated under the lodestar method is presumptively reasonable, but may be adjusted upwards or downwards pursuant to a variety of factors. *Gonzalez*, 729 F.3d at 1208–09; *see Kerr v. Screen Extras Guild, Inc.*, 526 F.2d 67, 70 (9th Cir. 1975) (enumerating twelve factors to consider in awarding reasonable attorney's fees). To the extent that the *Kerr* factors are not addressed in the calculation of the lodestar, the court may consider them in adjusting the fee award after the calculation is completed. *Chalmers*, 796 F.2d at 1212.

### III. ANALYSIS

Plaintiff seeks $670.00 in costs and $9,870.00 in attorney's fees. (ECF No. 23-1 at 19–20.) Plaintiff calculates the reasonable attorney's fees using the lodestar method and does not seek a modification. (*See* ECF No. 16-1.) Defendants argue that asking for $10,540.00 in fees and costs is unreasonable in light of the settlement award amount and previous settlement offer. (ECF No. 27 at 2.) Defendants argue it was unreasonable for Plaintiff to demand $20,000 based on multiple visits after Defendants' initial settlement offer of $5,000. (ECF No. 27 at 3.) Defendants question the necessity of billing 3.1 hours for drafting boilerplate discovery requests. (ECF No. 27 at 3.) Defendants also question block billing of conducting a records search. (ECF No. 27 at 3–4.) Finally, Defendants argue this case was not difficult and Defendants' fees were substantially less even for representation of three Defendants. (ECF No. 27 at 4.)

#### A. Hours Reasonably Expended

Defendants raise issues with two specific billing entries on Mr. Potter's itemized time sheet. The Court will address each one in turn and then review the whole billing sheet for reasonableness.

##### i. *Boilerplate Discovery Billing on 03/19/2015*

Defendants question the necessity for billing 3.1 hours for boilerplate discovery. Defendants argue the discovery was unnecessary given that proof of compliance had already been submitted to Plaintiff. (ECF No. 27 at 3.) Defendants also assert the billing consists of two entries which cannot be separated, drafting discovery and reviewing the case file. Defendants contend Plaintiffs changed the standard discovery requests used in all ADA cases to fit the

3

specific allegations. (ECF No. 27 at 3.) Defendants question why in such a simple case the highest billing attorney drafted the discovery. (ECF No. 27 at 3.)

It is not the Court's prerogative to pass judgment on the staffing decisions of a law firm. *See Moreno*, 534 F.3d at 1115. Accordingly, the fact that Mr. Potter billed for drafting discovery that may have been done by a junior associate is irrelevant. However, the use of boilerplate discovery requests is relevant. As the court noted in *Doran v. Corte Madera Inn Best Western*, 360 F. Supp. 2d 1057, (N.D. Cal. 2005), the form pleading "is identical in all substantive respects to complaints used in other ADA lawsuits, including most of the 73 or so other ADA cases Mr. Doran has brought with Mr. Frankovich." *Id.* at 1062. The *Doran* court found the boilerplate language warranted a reduction of Plaintiff's 4.3 hours of billing to 0.5 hours. *Id.*

Likewise expending 3.1 hours on reviewing the case and drafting boiler plate discovery requests which are used in other cases with Mr. Potter and Mr. Johnson is unreasonable. Plaintiff's counsel does not describe the amount of hours billed for reviewing the case and the amount of hours used on discovery. However, reviewing the other billing entries the Court notes Mr. Potter generally spends less than 0.4 hours on reviewing the case. This leaves 2.7 hours for drafting discovery. The entry for 3/19/2015 is reduced to 0.5 hours for drafting discovery and 0.4 hours for reviewing the case for a total of 0.9 hours.

### ii. Block Billing on 01/12/2015

Defendants argue the billing on 01/12/2015 does not provide enough information to determine whether the work could have been done by a paralegal. (ECF No. 27 at 4.) Plaintiff argues the search is not suitable for a paralegal because it requires additional legal knowledge outside a paralegal's skill set. (ECF No. 29 at 9.) However, courts have found public records research to be clerical in nature and suited for paralegal work. *See Johnson v. Wayside Prop., Inc.*, No. Civ. 2:13-1610 WBS AC, 2014 WL 6634324, at *4 (E.D. Cal. Nov. 21, 2014) (reducing a 2.1 hour "public records research" entry by 1 hour); *Johnson v. Allied Trailer Supply*, No. Civ. 2:13-1544 WBS EFB, 2014 WL 1334006, at *2 (E.D. Cal. Apr. 3, 2014) (reducing another 2.1 hour "public records research" entry by 1 hour). Accordingly, the Court reduces the time by half to 1.1 hours.

4

### iii. *Estimated Billing of 8 Hours*

Mr. Potter estimated a total time to "review opposition, draft reply attend argument" at 8 hours. (ECF No. 23-3 at 2.) The reply brief specifically states Mr. Potter expended 4.4 hours drafting the reply. The billing rate is thus reduced to 4.4 hours. However, such an amount of time is unreasonable in light of the 2 hours Mr. Potter spent drafting the motion brief. *See Wayside Prop., Inc.*, 2014 WL 6634324, at *3–4 (reducing billing entry for a party's reply brief to half of the time expended on their motion brief). The reply brief directly responds to Defendants arguments and the Court believes a reduction to half of the time spent on the motion would not do justice to the brief. Accordingly, the amount is reduced to 2 hours to match the expenditure of time Mr. Potter spent on his much longer fee motion brief.

### iv. *Total Number of Hours for Mr. Potter*

Based on the aforementioned reasons, Mr. Potter's time is reduced to 11.6 hours.

### B. Reasonable Hourly Rates

Plaintiff seeks hourly rates of $350 for Mr. Potter, $250 for Ms. Grace, and $200 for Mr. Price and Ms. Lockhart. (ECF No. 16-1 at 7.)

After an examination of related decisions in this district, the Court finds $300 per hour is a reasonable rate for Mr. Potter. *See Bach Thuoc Vu*, 2017 WL 2813210, at *3 (finding reasonable rate of $300 per hour for Mr. Potter); *Luna v. Hoa Trung Vo*, No. CV F 08-1962 AWI SMS, 2011 WL 2078004, at *5 (E.D. Cal. May 25, 2011) (finding a reasonable rate of $375 per hour for attorney with more than 40 years of experience in "disability-related litigation").

Additionally, the Court reviewed related decisions as to the rates of associates Ms. Grace, Mr. Price, and Ms. Lockhart. For Ms. Grace, an associate with twenty years of experience, the Court finds that $175 is an appropriate hourly rate for her work. *See Johnson v. Lin*, No. 13-1484, 2016 WL 1267830, at *4 (E.D. Cal. Mar. 31, 2016) (granting Ms. Grace $175 for similar services); *Johnson v. Patel*, No. 14-2078-WBS-AC, 2016 WL 727111, at *3 (E.D. Cal. Feb. 23, 2016) (same); *Johnson v. Allied Trailer Supply*, No. 13-1544 WBS EFB, 2014 WL 1334006, at *5–6 (E.D. Cal. Apr. 3, 2014) (same). As for Mr. Price and Ms. Lockhart, the Court finds that $150 per hour is a reasonable hourly rate. *See Johnson v. Iqbal*, No. 2:15-cv-00191-KJM-AC,

2016 WL 3407773, at *3 (June 21, 2016) (finding a rate of $150 per hour for Ms. Lockhart and Mr. Price); *Johnson v. Wayside Property, Inc.*, No. 13-1610-WBS-AC, 2014 WL 6634324, at *6–8 (E.D. Cal. Nov. 21, 2014). Plaintiff has not presented the Court with any reason to depart from the rates awarded in other similar cases.

Accordingly, the Court calculates the lodestar with reasonable hourly rates as follows: Mr. Potter at $300, Ms. Grace at $175, and Mr. Price and Ms. Lockhart at $150. The Lodestar in this case is as follows.

| | | | | | |
|---|---|---|---|---|---|
| Potter | 11.6 hours | x | $300 | = | $3,480.00 |
| Grace | 7.8 hours | x | $175 | = | $1,365.50 |
| Price | 1 hours | x | $150 | = | $150.00 |
| Lockhart | 2.2 hours | x | $150 | = | $330.00 |
| | | | | **Total**: | **$5,325.00** |

C. Costs

Under the ADA, a court may award litigation expenses and costs. 42 U.S.C. § 12205. Plaintiff seeks costs in the amount of $670, which includes a filing fee of $400, the service cost of $70, and the investigation cost of $200. (ECF No. 23-1 at 19.) Plaintiff has not provided any documentation for any such "investigation costs," nor has Plaintiff given the Court any description of such activities. The Court finds billing $200 for an ambiguous "investigation" without providing supporting documents unreasonable. Accordingly, the Court grants $470 in costs.

**IV. CONCLUSION**

For the above stated reasons, the Court awards Plaintiff $5,325.00 in attorney's fees and $470.00 in costs, for a total of $5,795.00. The Court notes Plaintiff failed to file dispositional documents as ordered by the Court on multiple occasions. Based on the above filings and on the Court's own motion, the Clerk of Court is directed to close the case.

IT IS SO ORDERED.

Dated: August 9, 2017

Troy L. Nunley
United States District Judge